IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIERA HULSH, formerly known as VIERA WISTEROVA, | ) ) ) |
| *Petitioner*, | ) ) No. 19 C 7298 |
| v. | ) ) Judge Virginia M. Kendall |
| JEREMY HULSH, | ) ) ) |
| *Respondent*. | ) |

### MEMORANDUM ORDER AND OPINION

This Court previously granted Petitioner Viera Hulsh's Petition for Return of Minor Childen. (Dkt. 177). At that time, the Court stated the Court will entertain a motion from Petitioner pursuant to the International Child Abduction Remedies Act ("ICARA") 22 U.S.C. § 9007(b)(3) for fees and costs filed within 21 days of the entry of judgment. (*Id.* at 277). Petitioner subsequently filed a motion for attorneys' fees and a bill of costs. (Dkts. 232, 233). Petitioner requests $362,300.00 in attorneys' fees, $24,096.00 in expenses, and $73,755.26 in taxable costs.

Petitioner seeks recovery of the attorneys' fees and expenses under ICARA and the Hague Convention. She seeks taxable costs under FRCP 54 and 28 U.S.C. §1920. Because Petitioner has not sufficiently justified her expenses, the Court will send this matter to Magistrate Judge Weisman for further determination as to costs.

### I. Fees under 22 U.S.C. § 9007(b)(3)

The ICARA provides under 22 U.S.C. § 9007(b)(3) that:

Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

1

Under the Hague Convention, an award of fees and costs serves two purposes: (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) "to deter such removal or retention." *East Sussex Children Services v. Morris*, 919 F.Supp. 721, 734 (N.D. W. Va. 2013) (citing Hague Convention; Text and Legal Analysis, 51 Fed. Reg. 10494–01, 10511 (Mar. 26, 1986)). Respondent objects on two grounds: first that petitioner has not submitted reasonable attorneys' fees; and second, that he meets the grounds for ICARA's clearly inappropriate caveat.

### A. Reasonable Attorneys' Fees

A party may seek attorneys' fees under ICARA and the Hague Convention and a court will determine whether those fees are reasonable using the lodestar method. *Norinder v. Fuentes*, 657 F.3d 526, 536–37 (7th Cir. 2011). The Court first calculates the "lodestar figure" by multiplying "the number of hours reasonably expended on the litigation [ ] by a reasonable hourly rate." *Schlacher v. Law Offices of Phil J. Rotche & Assocs.,* 574 F.3d 852, 856 (7th Cir.2009) *(citing Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983)). This determination may be adjusted based on:

> the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Mathur v. Bd. of Trs. of So. Ill. Univ.*, 317 F.3d 738, 742 n. 1 (7th Cir. 2003). The party requesting fees bears the burden of adducing "satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984).

2

Respondent objects to Petitioner's calculations on several grounds, namely that the attorneys' fees are unreasonable and unsupported and that the travel expenses are inappropriate. Each ground will be analyzed in turn.

i. **Calculation of Attorneys' Fees**

Petitioner has requested $362,300 in attorneys' fees based on the below chart.

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Joy Feinberg | 347.8 (67.8 hours removed, 280 charged)[1] | $600/650 | $188,800 |
| Reuben Bernick | 350 (80 hours deducted, 270 charged) | $400/425 | $126,400 |
| Shannon Luschen | 203.5 | $200/250 | $47,100 |

Petitioner supports this request by describing in narrative format the work the attorneys conducted, including engaging in extensive expedited hearings and discovery, expert interviews, conducting lengthy depositions, trial preparation, and the five-day trial itself. Attorneys Feinberg and Bernick have established careers in family law and their work on this case precluded their working on other cases. Feinberg writes that she was required to turn down a number of matters to continue working on the instant case.

However, Petitioner has not broken down how the attorneys dedicated their time and have instead stated in a conclusory manner that they worked the asserted number of hours. This is inadequate. "In requesting, challenging, and granting attorneys' fees, specificity is critical. A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" *Norinder v. Fuentes*, No. 10–CV–391–WDS, 2010 WL 4781149, *8 (N.D.

---

[1] Petitioner indicates these hours were removed because they were duplicitous.

3

Ill. Nov. 17, 2010) (citing *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)).

Petitioner has not provided any support, aside from an affidavit from Feinberg that attests to the amount of hours spent on the case. However, the Court cannot determine what is appropriate or reasonable without knowing how the attorneys specifically allocated their time. "The reasonableness of the time expended by an attorney on behalf of a client depends not only on the total number of hours involved but also on the particular tasks to which the attorney devoted ... her time." *Trustees of Chicago Plastering Inst. Pension Trust v. Cook Plastering Co.*, 570 F.3d 890, 905 (7th Cir. 2009). "It is not at all unusual for a court to determine that some aspects of an attorney's work were not fruitful, were unnecessary, or merited less time than the attorney devoted to them, and to deny compensation for those portions of the attorney's work." *Id.* at 905; *see also JCW Investments, Inc. v. Novelty, Inc.*, 509 F.3d 339, 342–43 (7th Cir. 2007). The Court has no doubt that the attorneys expended many hours on this case, but it is difficult to calculate what was reasonable without specificity. Simply stating that the attorneys expended a certain amount of hours without support is insufficient. Therefore, the Court will require the parties to conduct further discovery as to attorneys' fees in front of the magistrate judge.

The next question looks to the billing rates. Generally, the "reasonableness of an attorney's billing rate depends on the experience and qualifications of the professional." *Trustees of Chicago Plastering Inst. Pension Trust*, 570 F.3d at 905. In this instance, the Petitioner has the burden of showing that the fee counsel seeks is proper and "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience— as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *Jeffboat, LLC v.*

4

*Dir., Office of Workers' Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009). The Seventh Circuit has stated its "preference ... to compensate attorneys for the amount that they would have earned from paying clients, i.e., the standard hourly rate." *Mathur v. Board of Trustees of So. Il. Univ.*, 317 F.3d 738, 743 (7th Cir.2003). Once again, Petitioner has failed to put forth any support that the attorney's billing rate is reasonable or in line with that of the prevailing community. In her affidavit, Feinberg attests that, "the time charged for each attorney is in line with established practitioners in the community of the Chicagoland area of like experience based upon my personal knowledge and experience." (Dkt. 232-1 ¶ C). Petitioner has not presented any information to determine what the attorneys have charged is the reasonable market rate for their services. Petitioner's attorneys were capable and experienced counsel, but without further information, the Court cannot confirm whether the rates were reasonable as compared to the market. Once again, this provides reason for the magistrate judge to oversee further analysis and arrive at a supported number.

    **ii.    Travel Expenses**

Petitioner requests $24,096.00 in expenses relating to her travel to and from Illinois, of which $14,96.00 is for flights, accommodation and health insurance in the United States. Petitioner has requested $10,000 for food, taxis, gas, and miscellaneous, without any justification. Petitioner has also admitted that this latter number is an approximation, which does not suffice. The Hague Convention states that "necessary expenses" may include "travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child." Hague Convention, Art. 26. An important goal of the award of fees and costs is to restore the applicant to the financial position she would have been in had there been no removal or retention, but Petitioner has failed to support this request adequately. The

5

Court has no way to know whether these requests are reasonable, or even necessary, since not a single receipt is supplied. The Court hopes that the magistrate will be able to collect more support and to determine whether these requests are reasonable.

### B. ICARA's Clearly Inappropriate Caveat

ICARA's presumption of an award of expenses to a prevailing petitioner is "subject to a broad caveat denoted by the words, 'clearly inappropriate.'" *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir.2004). Circuits that have examined this caveat have found "the equitable nature of cost awards," so that a prevailing petitioner's presumptive entitlement to an award of expenses is "subject to the application of equitable principles by the district court." *Souratgar v. Lee Jen Fair*, 818 F.3d 72, 79 (2d Cir. 2016) (discussing *Ozaltin v. Ozaltin*, 708 F.3d 355, 375 (2d Cir. 2013). "Absent any statutory guidance to the contrary, the appropriateness of such costs depends on the same general standards that apply when 'attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.'" *Id.* (citations omitted).

A court looking at the clearly inappropriate caveat must therefore sift through the facts. While courts looking at the caveat have made a number of exceptions based on the facts in front of it, two main considerations have emerged: (1) "whether a fee award would impose such a financial hardship that it would significantly impair the respondent's ability to care for the child"; (2) "whether a respondent had a good faith belief that her actions in removing or retaining a child were legal or justified." *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018).[2]

Because the Court today declines to grant unsupported attorneys' fees without further analysis, the Court will refrain from deciding whether Respondent meets the standard for the

---

[2] In this circuit, the Seventh Circuit has acknowledged that financial hardship is a factor other courts have considered, but ultimately found it did not apply to the case in front of it. *Norinder v. Fuentes*, 657 F.3d 526, 536–37 (7th Cir. 2011).

6

ICARA caveat. Respondent should also be prepared to support his statement that he does not have the financial means to pay Petitioner's attorneys' fees.

## II. Fees under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920

Petitioner requests $73,755.26 in taxable costs under Rule 54 and 28 U.S.C. § 1920.[3] As the prevailing party, Petitioner also seeks to recover, and is entitled to recover, an award of costs under Rule 54(d) and 28 U.S.C. § 1920. Rule 54 provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk or marshal;
> (2) Fees of the printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title

Only where it is immediately apparent that the costs were necessary and appropriate will the Court grant them, due to the "narrow scope of taxable costs." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 572 (2012). "Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts. Indeed, the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Id.* (citations omitted). The losing party bears the burden of an

---

[3] The Court has only found one case where a petitioner was explicitly awarded taxable costs under Rule 54 and § 1920 in addition to fees under ICARA. *See Rath v. Marcoski*, 8:16–cv–2016–T–23AEP, 2017 WL 9401107, * 7 (M.D. Fla. Nov. 3, 2017), *aff'd*, 898 F.3d 1306 (11th Cir. 2018). However, this may be so because most litigants pursue the type of costs sought here as part of the expenses under ICARA.

7

affirmative showing that taxed costs are not appropriate, but the prevailing party has the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 896–97 (N.D. Ill. 2014) (citing *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375 at *1 (N.D. Ill. June 16, 2006)).

Once again, Petitioner has failed to justify the taxable costs.[4] Instead, Petitioner submits a five-page document copying the language of the above statute and stating in a conclusory manner that the costs were necessary. Petitioner acknowledges that the "cost must be both reasonable and necessary to the litigation for a prevailing party to recover it," but fails to take heed of the case she cites and account for the costs. *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Petitioner has attached some receipts (Dkt. 233-1), however she does not attempt to explain the costs or whether the expenses were necessary to the litigation. The Court declines to sift through the jumble of disorganized receipts to determine what is necessary or not.[5] Should Petitioner wish to collect these costs, she must provide further analysis and support to show that they were both reasonable and necessary.

---

[4] Respondent correctly acknowledges that Petitioner has failed to follow Local Rule 54.3. However, this is not a reason to completely deny Petitioner's request. *See Jones v. Ameriquest Mortg. Co.*, 05 C 0432, 2008 WL 4686152, *1–7 (N.D. Ill. May 19, 2008) (thorough discussion of Local Rule 54.3 and denying dismissal of petition for costs).

[5] As Respondent correctly notes, Petitioner has in some places, attached duplicative receipts, including two requests for payment from translator Martin Cap.

**CONCLUSION**

Because Petitioner has failed to justify her attorneys' fees or taxable costs, the Court sends Petitioner's motions to the magistrate judge for further analysis. Petitioner will be required to provide receipts and additional support in order to justify her attorneys' fees and costs. The parties may need to file additional briefing before the magistrate judge, which they shall be allowed to do as necessary.

```
_____
Virginia M. Kendall
United States District Judge
```

Date: October 30, 2020