IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIERA HULSH, formerly known as VIERA WISTEROVA, | ) ) ) | |
| *Petitioner*, | ) ) | No. 19 C 7298 |
| v. | ) ) | Judge Virginia M. Kendall |
| JEREMY HULSH, | ) ) | |
| *Respondent*. | ) | |

## MEMORANDUM ORDER AND OPINION

Petitioner Viera Hulsh moves for rulings on Jeremy and Oren Hulsh's objections to the citation to discover assets. (Dkts. 346, 347; *see also* Dkts. 361, 362). Specifically, she requests that this Court overrule objections to the production of documents related to (1) all bank accounts; (2) any certificates of automobile title; (3) creditors in existence; (4) Hulsh Consulting; and (5) the trust information. (*See id.*) The Court considers each request in turn.

Bank Account Information. Information for two banks, both located in Israel, is at issue. Jeremy has already submitted an affidavit that he contacted the two banks to obtain his statements. One bank, Bank Leumi, is closed, and the other one, Bank Hapoalim, advised that he could not gather the necessary information without going to Israel in person. (Dkt. 351 at 2). The latter bank also informed him that there was less than a few hundred American dollars in the account. (*Id.*) Viera argues, "Phone calls and emails requesting bank statements does not suffice as a proper citation response." But Jeremy has attested to making repeated and meaningful attempts to obtain these documents without success. That, indeed, suffices.

Viera adds an additional point: according to Jeremy's tax return, he has earned a modest sum of about $3,000 dollars that must have been deposited somewhere. But Jeremy provided bank statements from his Citibank account and claims there is no more. Nothing petitioner submits undermines this assertion.

Automobile. Viera points to the fact that Jeremy's 2021 tax return included a car-expense deduction. (Dkt. 346 at 3). But Jeremy states that was based on mileage for his employer's vehicle. (Dkt. 351 at 3). Viera cannot refute this claim and provides no concrete evidence beyond speculation based on a tax return.

Hulsh Consulting. Viera requested all documents related to privately held companies. (Dkt. 346 at 3). In response, Jeremy acknowledged he had an interest in Hulsh Consulting and provided a copy of the Illinois Secretary of State Certificate of Good Standing along with the balance of the entity's bank account with Citibank. (*Id.*) Viera avers that production was woefully insufficient.

1

But Hulsh Consulting did no business and was dissolved on September 10, 2021. Logically then, there would be no more documents to be turned over.

  <u>Trust Information</u>. On May 9, 2022, this Court already ruled that petitioner "can't go after [the trust] fund[] under the law." (Dkt. 349-2 at 14). The caselaw cited is not "supportive of [the] position in light of the fact[s]." (*Id.*) The Court has "listened [] for many years," and the record "shows very much a maternal kind of providing of gifts or help to [Jeremy] when he was financially down, not a financial relationship." (*Id.*) This clear statement forecloses any production of trust information.

  The objections by Jeremy and Oren Hulsh to the citation to discover assets are sustained. (Dkts. 346, 347). Jeremy Hulsh does not need to answer request numbers 5, 6, 7, 18, 19, 31, 32, 33, 34, 35, 41, and 42, (Dkt. 346); and Oren Hulsh does not need to answer request numbers 1, 2, 3, 4, 7, and 8, (Dkt. 347). The motions by Viera for order for ruling are denied as moot. (Dkts. 361, 362).

_____
Virginia M. Kendall
United States District Judge

Date: December 27, 2022